**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| IN RE: | CASE NO. 20-04536 (EAG) |
| JJW METAL CORP., | |
| DEBTOR. | |
| | |
| JJW METAL CORP., | ADVERSARY NO. 22-00030 (EAG) |
| PLAINTIFF, | |
| v. | |
| MUNICIPIO AUTONOMO DE CAROLINA, | |
| DEFENDANT. | FILED & ENTERED ON 08/02/2022 |

**OPINION AND ORDER**

Pending before the court is a motion for reconsideration filed by debtor JJW Metal Corp. ("JJW Metal," "plaintiff," or "debtor") and the opposition to it filed by the Autonomous Municipality of Carolina ("Carolina" or "defendant"). For the reasons stated below, the court denies JJW Metal's motion.

**I.      Jurisdiction.**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a), Local Civil Rule 83K(a), and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.).[1]  This is a core proceeding in accordance with 28 U.S.C. § 157(b).

---

[1]/Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101-1532.  All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are

## II.      Procedural History.

On May 17, 2022, chapter 11 debtor JJW Metal filed this adversary proceeding against Carolina for injunctive relief and damages, seeking to enjoin it from going forward with its local court suit to shut down the debtor's operations. (Adv. Dkt. 1.) JJW Metal filed an application for temporary restraining order and a motion for preliminary injunction that same day. (Adv. Dkt. Nos. 3 & 4.) Carolina opposed, and the matter was set for an evidentiary hearing on June 3, 2022. (Adv. Dkt. Nos. 5, 6, & 7.)

At the conclusion of the hearing, the court entered the following order:

> The court denies without prejudice the motion for temporary restraining order a docket number 3 and the motion for preliminary injunction at docket number 4 in this adversary proceeding by the plaintiff, JJW Metal Corp. The motions ask the court to enter injunctive relief under section 105 of the Bankruptcy Code in aid of enforcement of the automatic stay of section 362. In this case the order confirming JJW Metal's third amended plan of reorganization was entered on the docket of the main bankruptcy case on January 31, 2022. And the effective date of the plan is April 1, 2022. Thus, under section 362(c)(2)(C) the automatic stay terminated at the earliest on January 31, 2022, or under section 12.3 of the plan on April 1, 2022. In either case the automatic stay under section 362 has terminated in this case. For the reasons stated in open court, the court will not enter injunctive relief to prohibit prospective acts which are no longer enjoined by the section 362 automatic stay.

> The briefs and memoranda of law in support of JJW Metal's motions also do not contain the points and authorities in support of its position stated in open court that in spite of the termination of the automatic stay in this case the court has the authority, under section 362, to enjoin the Municipality of Carolina from participating in a June 8, 2022 hearing in local court. As such, JJW Metal has not complied with Puerto Rico Local Bankruptcy Rule 9013-2(a) and its motions for temporary restraining order and preliminary injunction are also denied without prejudice on that basis.

---

to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

In so doing, the court does not make any determination as to the application of the discharge injunction under section 524 or the terms of the confirmed plan to any right JJW Metal may have for injunctive relief thereunder or the merits of any claim JJW Metal may have for money damages based on alleged violations of the automatic stay that occurred prior to the stay's termination or alleged violations of the discharge injunction that occurred after the termination of the automatic stay.

(Adv. Dkt. No. 20.)

On June 7, 2022, JJW Metal moved for reconsideration of the denial of the preliminary injunction request.  (Adv. Dkt. No. 22.)  Carolina filed its opposition on June 14, 2022.  (Adv. Dkt. No. 25.)

### III.    Legal Discussion.

Federal Rule of Bankruptcy Procedure 9023 incorporates Federal Rule of Civil Procedure 59 and allows the court to alter or amend a judgment.[2] Under Rule 59(e), reconsideration "must be based upon newly discovered evidence or a manifest error of law or fact."  Banco Bilbao Vizcaya Argentaria P.R. v. Vazquez (In re Vasquez), 471 B.R. 752, 760 (B.A.P. 1st Cir. 2012). The First Circuit has noted that there are four grounds to grant reconsideration: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law."  Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir. 2005).

---

[2] "Motions for reconsideration are generally considered either under Rules 59 or 60 of the Federal Rules of Civil Procedure, depending on the time such motion is served."  Perez v. United States Gov't, 899 F. Supp. 2d 90, 102 (D.P.R. 2013). Because JJW Metal filed the motion for reconsideration within fourteen days of the entry of the order denying its requests for injunctive relief, the court will consider it under Rule 59.  Fed. R. Bank. P. 9023.

3

"The granting of a motion for reconsideration is an extraordinary remedy which should be used sparingly." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006) (citations omitted). "[A] motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures and it certainly does not allow a party to introduce new evidence or advance new arguments that could or should have been presented to the district court prior to judgment." Marks 3-Zet-Ernst Marks GMBH & Co. KG v. Presstek, Inc., 455 F.3d 7, 15-16 (1st Cir. 2006).

In its motion for reconsideration, JJW Metal maintains that the automatic stay has not terminated with regard to the local court suit, and that Carolina's continued prosecution of that suit violates the stay. (Adv. Dkt. No. 22.) Focusing on section 362(c)(2), JJW Metal contends that the discharge injunction of section 524 does not apply to the local court suit since that case does not concern a debt or claim against the debtor, but rather the debtor's ability to continue operating. (Adv. Dkt. No. 22 at p. 4.) Therefore, JJW Metal asserts, since the case is neither closed nor dismissed, 11 U.S.C. § 362(c)(2)(A)-(B), the stay remains in effect as to the local court action. Id. In support of its argument, JJW Metal also cites to section 9.2 of its confirmed plan, which permanently enjoins "all [p]ersons" from "commencing or continuing . . . any action or other proceeding . . . against [d]ebtor, on account of, or respecting any [c]laims, debts, rights, [c]auses of [a]ction or liabilities released pursuant to the [p]lan, except to the extent expressly permitted under the [p]lan." (Adv. Dkt. No. 22 at p. 5.) The debtor goes on to refer to section 11.1 of the confirmed plan, which concerns the bankruptcy court's retention of jurisdiction after the effective date. Id.

4

The debtor's argument is unavailing.  As an initial matter, JJW Metal made no claim in its complaint or its motions for temporary restraining order or preliminary injunction based on the terms of its confirmed plan.  That is precisely why the court in its ruling expressly stated that it "does not make any determination as to the application of the discharge injunction under section 524 or the terms of the confirmed plan to any right JJW Metal may have for injunctive relief thereunder[.]" (Adv. Dkt. No. 20.)  Thus, JJW Metal's reliance on sections 9.2 and 11.1 of its confirmed plan constitute new arguments that were not properly raised at the evidentiary hearing and therefore cannot be adjudicated on a motion for reconsideration.  Marks, 455 F.3d at 15-16.

Further, as the court noted at that  hearing, JJW Metal's third amended plan was confirmed on January 31, 2022, and the effective date of the plan was April 1, 2022.  This means that the automatic stay terminated in this case on April 1, 2022 at the latest.  The local court hearing that JJW Metal sought to stay was held well after that, on June 8, 2022.  Yet, JJW Metal, both at the hearing and in its motion for reconsideration, does not cite to relevant points and authorities in support of its "hybrid" legal theory that the automatic stay somehow continues to be in effect as to the local court case even after the discharge was entered, which terminated the stay pursuant to section 362(c)(2)(C). See 3 Richard Levin & Henry J. Sommer, Collier on Bankruptcy ¶362.06 (16th ed. 2022) ("[o]nce the debtor receives a discharge, the stay is replaced by a permanent injunction under section 524(a), except as to debts found to be nondischargeable under section 523.") (footnotes omitted). The motion for reconsideration is therefore denied under Puerto Rico Local Bankruptcy Rule 9013-2(a).

Absent a showing of manifest error by this court, newly discovered or previously

unavailable evidence, manifest injustice, or an intervening change in controlling law that warrants reconsideration, JJW Metal's motion requesting reconsideration at docket number 22 is denied.

**IV. Conclusion.**

In view of the foregoing, the court denies the motion for reconsideration filed by JJW Metal at docket number 22.

SO ORDERED.

In San Juan, Puerto Rico, this 2nd day of August, 2022.

Edward A. Godoy
U.S. Bankruptcy Judge