IN THE UNITED STATES BANKRUPTCY COURT FOR

THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| IN RE: | CASE NO. 20-04536-EAG11 |
| J J W METAL CORP. | Chapter 11 |
| Debtor(s) | |
| J J W METAL CORP | ADVERSARY NUMBER: 22-00030-EAG |
| Plaintiff(s) | |
| MUNICIPIO AUTONOMO DE CAROLINA | |
| Defendant(s) | |

FILED & ENTERED ON OCT/25/2022

OPINION AND ORDER

On May 17, 2022, the debtor and plaintiff, JJW Metal Corp., filed a complaint for violation of the automatic stay and injunctive relief against the defendant, Municipio Autónomo de Carolina. [Adv. Dkt. No. 1]. Carolina moved the court to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) made applicable to bankruptcy through Fed. R. Bankr. P. 7012. [Adv. Dkt. No. 30]. On September 2, 2022, JJW Metal requested leave to amend the complaint. [Adv. Dkt. No.58]. For the reasons stated below, we deny the motion to dismiss and grant the motion to amend the complaint.

**I.    Jurisdiction**

This court has jurisdiction over the subject matter and the parties pursuant to 28 U.S.C. §§1334 and 157(a), Local Civil Rule 83K(a)and the General Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of Puerto Rico dated July 19, 1984 (Torruella, C.J.)[1]. This is a core proceeding in accordance with 28 U.S.C. §157(b).

---

[1]Unless otherwise indicated, all references to "Bankruptcy Code" or to specific statutory sections are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§101-1532. All references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure, and all references to "Rule" are to the Federal Rules of Civil Procedure. All references to "Local Bankruptcy Rule" are to the Local

**II.   Procedural History**

JJW Metal filed this adversary proceeding against Carolina on May 17, 2022, requesting damages for violation of the automatic stay and to enjoin Carolina from going forward with a local court action to shut down JJW Metal's operations. [Adv. Dkt. No. 1]. The court denied without prejudice the motions filed by JJW Metal for temporary restraining order at docket number 3 and for preliminary injunction at docket number 4. [Adv. Dkt. No. 20]. JJW Metal appealed the court's ruling to the Bankruptcy Appellate Panel for the First Circuit. [Adv. Dkt. No. 39]. On October 4, 2022, the Bankruptcy Appellate Panel dismissed the appeal finding the denial orders were interlocutory and Carolina failed to meet the criteria for interlocutory review. [Adv. Dkt. No. 83]. Meanwhile, Carolina moved to dismiss the complaint, and JJW Metal moved for leave to amend the complaint. [Adv. Dkt. 30 & 58, respectively].

**III.  Legal Discussion**

  a. **Motion to Dismiss**

In its motion to dismiss, Carolina contends that the Puerto Rico Court of Appeals has already ruled regarding the inapplicability of the automatic stay to the state court action.[2] Carolina argues that the Puerto Rico Court of Appeals' determination has *res judicata* effect and is binding on this court. Carolina moves for the dismissal of the complaint pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction based on its res judicata argument.

However, a bankruptcy court is not bound by a non-bankruptcy court's determination regarding the applicability of the automatic stay with respect to litigation pending before it. Collier on Bankruptcy ¶362.08 (Richard Levin &

Bankruptcy Rules of the United States Bankruptcy Court for the District of Puerto Rico. And all references to "Local Civil Rule" are to the Local Rules of Civil Practice of the United States District Court for the District of Puerto Rico.

[2] The automatic stay came into effect with the filing of the chapter 11 petition in the main bankruptcy case number 20-04536.

Henry J. Sommer eds., 16th ed.). By virtue of the power vested in them by Congress, federal courts have the final authority to determine the scope and applicability of the automatic stay. Gruntz v. Cty. of L.A. (In re Gruntz), 202 F.3d 1074, 1083 (9th Cir. 2000). Consequently, the Puerto Rico Court of Appeal's determination on the automatic stay is not binding on this court.

Carolina further moves to dismiss, under Fed. R. Civ. P. 12(b)(6) made applicable by Fed. R. Bankr. P. 7012, on the ground that JJW Metal has failed to state a claim upon which relief should be granted. To support its contention, Carolina presents matters outside of the pleadings and the record, which the court hereby excludes and, thus, denies the Rule 12(b)(6) request. Fed. R. Civ. P. 12(d); Fed. R. Bankr. P. 7012.

**b. Leave to Amend the Complaint**

The amended complaint at docket number 59 alleges that Carolina's violation of the automatic stay commenced during the time when the stay of section 362(a) was in place. JJW Metal claims that the stay prevented the enforcement of a consent judgement entered prior to the commencement of the bankruptcy case. Additionally, JJW Metal alleges that any action stayed at the filing of the bankruptcy petition continues to be stayed pursuant to the injunctive provisions of Article 12.3 of its confirmed plan.

Under the rules governing adversary proceedings, the bankruptcy court should freely give a party leave to amend its complaint when justice so requires. See Fed. R. Bankr. P. 7015; Fed. R. Civ. P. 15(a)(2); Zullo v. Lombardo (In re Lombardo), 755 F.3d 1, 3 (1st Cir. 2014). Among the reasons for denying leave to amend are "undue delay" in filing the motion and "undue prejudice to the opposing party by virtue of allowance of the amendment." Acosta-Mestre v. Hilton Int'l, 156 F.3d 49, 51 (1st Cir. 1998). The First Circuit has labeled as "considerable time," warranting explanation, periods of fourteen months and longer. See Zullo, 755 F.3d at 3.

The motion to dismiss was filed by Carolina on July 11, 2022. After the filing of the motion to dismiss, JJW Metal had 21 days to amend its complaint as a matter of course. See Fed. R. Civ. P. 15(a)(1)(B). That term expired on August 1, 2022. Thus, leave of the court is required pursuant to Fed. R. Civ. P. 15(a)(2). The court finds that the one-month delay to file the amended complaint was not excessive and does not cause an undue prejudice to Carolina.

**IV.   Conclusion**

For the above-stated reasons, the court denies the motion to dismiss at docket number 30 without prejudice to the filing by Carolina of a motion for summary judgment in compliance with Local Civil Rule 56 of the United States District Court for the District of Puerto Rico. The motion at docket number 58 for leave to file an amended complaint is granted. Carolina shall respond to the amended complaint at docket number 59 within a term of 21 days.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 25 day of October, 2022.

Edward A. Godoy
United States Bankruptcy Judge